IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1995 SESSION

FILED

August 1, 1996

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,  )
                     )
         Appellee,   )        No. 01C01-9505-CC-00158
                     )
                     )        Bedford County
v.                   )
                     )         Hon. W. Charles Lee, Judge
                     )
TERRY BOWEN,         )        (Theft over $1,000)
                     )
         Appellant.  )


**CONCURRING OPINION**


I concur in the results reached and most of the reasoning used in the majority opinion. However, although I agree that the collateral fact rule essentially remains viable through Rule 403, Tenn. R. Evid., I question its use in this case relative to the appellant's attempt to impeach Mr. Farrar's testimony through extrinsic evidence that Farrar's son had previously been charged with the appellant and that his son's charges had been retired on motion of the state.

One of the appellant's arguments is that the evidence regarding Farrar's son being previously charged with the appellant and then having the charges dismissed shows that Farrar had a "biased motive to testify adversely" to the appellant. Pursuant to Rule 616, Tenn. R. Evid., a party may prove the bias or prejudice of a witness "by cross-examination, extrinsic evidence, or both . . . ." This rule follows the common law in Tennessee. See Creeping Bear v. State, 113 Tenn. 322, 87 S.W. 653 (1905).

In this respect, the collateral fact rule upon which the majority opinion relies did not and does not apply relative to proving bias. Thus, to the extent that the

appellant was proving facts probative of bias, the fact that the proof was inconsistent with the previous answers given by the witness is irrelevant to the issue of admissibility.

> On the other hand, if the witness on cross-examination denies or does not fully admit the facts claimed to show bias, the attacker has the right to prove those facts by extrinsic evidence. In courtroom parlance, facts showing bias are not "collateral," and the cross-examiner is not required to "take the answer" of the witness, but may call other witnesses to prove them.

1 John W. Strong, et al., McCormick on Evidence, § 39 at 136 (4th ed. 1992) (footnotes omitted). In other words, even though Farrar denied having any bias or prejudice and denied that his son's charges were dropped, the appellant was not bound by these answers under the collateral fact rule, but could present extrinsic proof of bias.

This raises the more difficult question relative to whether the evidence was probative of Farrar's bias and, if so, what type of and what amount of "prejudice" must exist to justify exclusion. The majority opinion states that admissibility of the certified judgments should have been considered under Rule 403, Tenn. R. Evid., implying that the evidence had little probative value and was time consuming, and not under Rule 404(b) as the trial court did.[1] I agree with the majority opinion as far as the judgments are concerned. However, I believe that the record shows that the trial court's Rule 404(b) analysis related not only to the judgments, but also to the following proof: that Farrar's son had previously committed and been charged with a burglary and resulting theft, with the appellant being a codefendant, and that the son's charges were retired upon motion of the state. The appellant argued that the jury was entitled to infer from these facts that Farrar would be biased in favor of the state. Essentially, the trial court ruled that the mere fact that the state had a previous charge against Farrar's son retired was so remotely relevant that the danger of prejudice, in terms of jury confusion,

---

[1]"To be excluded under Rule 404(b), the danger of unfair prejudice must simply outweigh the probative value. But to be excluded under Rule 403, the danger of unfair prejudice must substantially outweigh the probative value." Neil P. Cohen, et al., Tennessee Law of Evidence, § 404.7 at 172 (3d ed. 1995).

outweighed the probative value of the evidence, the standard of admissibility provided in Rule 404(b).

I am inclined to agree with the trial court that the proper standard would be Rule 404 to the extent that the evidence proved that Farrar's son committed crimes. But I am inclined to disagree with the trial court's view that evidence that the son committed and was charged with another burglary and theft and that the state had the charges retired presented a greater danger of jury confusion than it was probative of Farrar being a biased witnessed. It would be reasonable to infer that Farrar would look favorably upon the state for having his son's charges retired and unfavorably upon the appellant for potentially involving his son in criminal activity or charges. The jury had already heard Farrar testify, without objection, that his son had committed the previous burglary and had charges pending. I see little danger of confusion in proving that the charges were actually retired.

In the final analysis, though, I do not believe that the trial court's determinations harmed the appellant so as to warrant a reversal. Through the evidence, the jury was made fully aware of Farrar's son's commission of a previous burglary, his being charged, and his charges being retired. Through cross-examination of Farrar, the jury was aware of the significance the appellant placed upon the son's circumstances in relation to Farrar's testimony. The trial court refused to strike any of the proof, thereby excluding only the certified judgments from the jury's consideration. Given the evidence presented, I do not believe that the limited impact of the trial court's rulings rises to the level of reversible error.

_____
Joseph M. Tipton, Judge